IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MYRA SIDES, JUDY WEEKES-WALKER, MONA THOMAS, KEYLA EXFORD, RITCHIE L. STALNAKER, , and SHARON COBB, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MACON COUNTY GREYHOUND PARK, INC (a.k.a. Victoryland)<br><br>*Defendants*. | RECEIVED<br>2010 OCT 22 P 3:33<br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>Civil Action No. 3:10CV895-MEF<br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

**COME NOW PLAINTIFFS**, MYRA SIDES, JUDY WEEKES-WALKER, MONA THOMAS, , KEYLA EXFORD, RITCHIE L. STALNAKER, , and SHARON COBB, all of whom are former employees of Macon County Greyhound Park, Inc., (hereinafter referred to as "Victoryland"), and whose employment was terminated as part of a "mass layoff", on behalf of themselves and all others similarly situated, individually and as representatives of the class defined herein (the "class") and state their Complaint in this matter as follows:

### I. INTRODUCTION

1) This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiffs and all members of the Class are former employees of Macon County Greyhound Park, Inc. (hereinafter referred to as "Victoryland"). Victoryland was responsible for complying with all Federal regulations set forth by the United States Department of Labor. This Complaint is an action to recover damages and civil penalties for the Plaintiffs and Class Members as a result of defendant's failure to notify the Plaintiffs and Class Members 60 days

1

prior to the termination of their employment as required pursuant to The Worker's Adjustment and Retraining Act of 1988 (hereinafter referred to as the WARN Act), codified in *29 U.S.C. § 2102* and *29 C.F.R. § 639*. The class includes all former employees of Victoryland whose employment relationship ended as a result of "mass layoffs" or "plant closings" in January, February, and August 2010. Through this complaint, the Plaintiffs and Class Members seek appropriate relief under the WARN Act. That Act required the Defendant to give the plaintiffs and class members a minimum 60 days' notice prior to a "mass layoff" or "plant closing".

2) Plaintiffs, on behalf of themselves and all other persons similarly situated, bring this action for all damages and civil penalties available for violation of the WARN Act, which includes back pay for each day of violation of the 60 day notice requirement as well as the cost of medical expenses incurred during the 60 day period following employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

## II. JURISDICTION AND VENUE

3) This Court has exclusive jurisdiction over the matters alleged herein pursuant to 29 USCA § 2104(a)(5). That section provides that any person seeking to enforce such liability may sue both for themselves and for other persons similarly situated, and provides for venue in any District Court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business. Victoryland is located in Macon County, Alabama, which is located within the Middle District of Alabama.

4) Venue of this action is also proper under 28 USC § 1391 in that substantially all of the events or omissions giving rise to the claims asserted herein occurred in the Middle District of Alabama and the Defendant does business in and have their principal offices in the District, and plaintiffs and most of the class members reside in the District.

### III. PARTIES

5) Plaintiffs and Class Members are former employees of Victoryland and who ceased to be employed at Victoryland due to "mass-layoffs" or "plant closings" in January, February, and August 2010. The employment of Plaintiffs Mona Carol Thomas and Ritchie L. Stalnaker was terminated in January, 2010; the employment of Plaintiffs Myra Sides and Judy Weekes-Walker was terminated in February, 2010; and the employment of Plaintiffs Sharon Cobb and Keyla Exford was terminated in August, 2010. Plaintiffs were not provided a minimum 60 days' notice prior to the date of their termination as required by Federal Law and, as a result, suffered damages.

6) Many of the Plaintiffs and Class Members, and their families, participated in the company benefit plan and lost their health insurance coverage prematurely as a result of the Defendant's failure to provide a minimum 60 day notice prior to the date of their termination as required by Federal Law and, as a result, suffered damages.

7) Defendant Macon County Greyhound Park, Inc., is an Alabama corporation, with its principal place of business in Macon County, Alabama.

### IV. FACTUAL ALLEGATIONS

8) Plaintiffs are informed and believe that Victoryland employed approximately 2,000 people in January 2010 and for at least sixty days prior to the layoffs that occurred in January, 2010.

9) Based on the number of employees, Victoryland falls within the definition of an *employer* under the WARN Act.

10) The WARN Act requires an employer to give a minimum of sixty (60) days' notification to employees that will be terminated as a result of a mass layoff or plant closing.

11) On or about January 5, 2010, Victoryland laid off approximately 225 people within one unit of the facility with no prior notice.

12) Less than thirty days later—on or about February 4, 2010, Victoryland shut down operations completely and laid off approximately 1,800 more employees, with no prior notice.

13) The January 5, 2010 and February 4, 2010 employee terminations by Victoryland constitute a single "plant closing" or a "mass layoff" under the WARN Act. They also separately constituted a "plant closing" or "mass layoff" within the meaning of the WARN Act.

14) The WARN Act required that all the employees whose employment was terminated on or about January 5th and on or about February 4th be given a minimum of 60 days' notice prior to termination.

15) After closing the entire business on February 4, 2010, Victoryland began operating at partial capacity sometime during the middle of March, 2010.

16) Plaintiffs are informed and believe and on information and belief charge the facts to be that the defendant called between 600 and 1,000 of its employees back to work over the following months.

17) On August 8, 2010, Victoryland again shut down all operations, sending all of its employees home with no prior notice, again in violation of the WARN Act.

18) Approximately two weeks after the August 8th shut-down. Victoryland reopened a single unit of their facility, which is the pari-mutuel dog racing, and that unit remains open.

19) The defendant willfully and intentionally failed to give prior notice to all of the aggrieved employees.

20) As an employer, Victoryland is liable for damages in the amount of the daily salary of each affected employee for a maximum of sixty (60) days.

21) Victoryland is liable to any employees and/or any of their family members who were qualified beneficiaries that participated in the employee benefits plan who incurred any medical expenses during the 60-day period following their layoff for which there was no health insurance coverage due to the mass layoff.

## V. CLASS DEFINITION

22) Plaintiffs bring this action, pursuant to Rules 23(a), (b), and (c) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated (hereinafter referred to as "the Class", who are members of the following class:

> Any employee of Victoryland who was not was not given a minimum of 60 days notice of termination and whose employment was terminated during the 2010 calendar year as a result of a "mass-layoff" or "plant-closing" as defined in *CFR § 639.3* and regulated by federal statute as codified under *29 USC § 2101* under the Workers Adjustment and Retraining Notification Act of 1988.

23) Excluded from this Class are:

  (a) The officers and directors of the defendant;
  (b) any judge or judicial officer assigned to this matter or his or her immediate family;
  (c) any legal representative, successor, or assign of any excluded persons or entities.

## VI.  CLASS ACTION ALLEGATIONS

### Numerosity of the Class

24) The members of the proposed Class are so numerous that a joinder of all of them is impractical. Although the precise number of class members is not yet known, plaintiffs aver that the class members number over 1000.

### Common Questions of Law and Fact

25) There are questions of law and fact common to the class; namely, failure of the defendant to give adequate notice as required by the WARN Act. The WARN Act specifically

5

recognizes the desirability of the class actions remedy by providing that affected employees can bring suit on behalf of themselves and "other persons similarly situated."

### Typicality and Commonality

26) Plaintiffs' claims are typical of the claims of the class. They arise from the same facts and are based on the same legal theories. The factual basis of the defendant's misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all the members of the Class.

### Adequacy of Representation

27) The Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with adequate experience and expertise to prosecute this matter.

28) Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Class. The events giving rise to this action are centered in Macon County, where attorneys for Plaintiffs are well-respected, which will promote the confidence of members of the class.

### Types of Class Action

29) The facts in this case satisfy the requirements for more than one of the types of class defined in Rule 23(b) *Federal Rules of Civil Procedure*. Satisfaction of any one of the following 3 is sufficient to certify as a class, however 23(b)1, 23(b)2 and 23(b)3 all apply.

### Rule 23(b)1:  Possible Inconsistent Results or Unfairness of Individual Actions

30) This action should be maintained as a class-action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent of varying

6

adjudications with respect to the individual members which would establish incompatible standards of conduct for the parties opposing the class, as well as a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interest of all the members not parties to the litigation or would substantially impair or impede their ability to protect their interest.

### Rule 23(b)2: Acted on grounds that apply generally to the Class

31) This action should be maintained as a Class Action because the defendant's actions in failing to give notice as required by the WARN Act apply to the entire class and final relief should be appropriate respecting the class as a whole.

### Rule 23(b)3: Superiority of Class Actions

32) A class action is a superior method for fair and efficient adjudication of this controversy. The interest of the class members in individually controlling the prosecution of separate claims against defendant is small. Management of the class claims is likely to present significantly fewer difficulties than the management of many individual claims.

33) The questions of law or fact shared by all members of the class predominate over any questions affecting only individual members, and a class-action is superior to other available methods for fair and efficient adjudication of the controversy. Plaintiffs are unaware of any other litigation dealing with the issues alleged in this Complaint. The management of the class action, involving one employer and its employees, at one location within a single district will not be difficult. The evidence required for proof of the claims asserted would be the same for every member of the class.

34) The consideration of common questions of fact and law in a single case will conserve judicial resources and promote fair and consistent resolution of these claims.

## VII. DUTIES OF THE DEFENDANT

35) Under the WARN act, Victoryland was obligated to give its employees a **minimum** of 60 days' notice prior to termination, and the Act encourages employers to give greater notice, if possible. Victoryland gave no notice to its employees. Employees reported to work only to find they had no job. The actions of the defendant directly affected not only the employees, but also their families, surroundings businesses, local governments, and the community as a whole. Victoryland hadMYR employed approximately 2000 people and is the largest employer in Macon County. The WARN Act of 1988 was enacted to:

> "provide protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market. "
> C.F.R. § 639.1

36) The defendant falls under the definition of an employer under the WARN Act in that they employ over 100 employees. It was therefore required to give a minimum of 60 days advance notice to employees prior to termination. Failure to do so has affected the economic welfare of thousands of people without any warning. This is precisely the adverse economic result that the WARN Act sought to prevent.

## STATEMENT OF CLAIM

**Failure to Give Employees a minimum of 60 days notice of termination as required by Federal Law under The WARN Act.**

37) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

38) Defendant was required by the provisions of the WARN Act to give notice to all affected employees of a "mass-layoff" or "plant closing" a minimum of 60 days prior to the date

of termination and failed to give such notice as required by the WARN Act.

39) Plaintiffs claim of the defendant all damages and civil penalties afforded to them under the WARN act, including but not limited to, and the statutory penalty provided by 29 USCA § 2104 which includes 60 days' wages per each aggrieved employee for each day of violation and any other enhancement or damages that may be provided by law and also includes the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 2104.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand relief and judgment against defendant for the following:

a) An order certifying the Class as set forth herein, appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Class;

b) Statutory penalty for each member of the class for the maximum period of time allowed by law;

c) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d) Attorneys' fees and costs; and

c) Such other, further, and different relief available under all applicable laws and any relief the Court deems just and appropriate.

**DATED: October 22, 2010**

Philip Dale Segrest (SEG002)
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL  36078
Telephone:  334-252-0036
Fax:  334-252-0037
Email:  Dale.Segrest@SegrestLaw.com

/s/ Robert S. Thompson
Robert S. Thompson (THO039)
Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, AL  36083
Telephone: 334-727-6463
Fax: 334-727-5746
Email: rstpc@aol.com

*Attorneys for Plaintiffs and the Class*