IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MYRA SIDES, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 3:10-cv-895-MEF |
| ) | |
| MACON COUNTY GREYHOUND PARK, ) | (WO- Do Not Publish) |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Dismiss (Doc. # 17) filed on December 1, 2010 by Defendant Macon County Greyhound Park and the related Motion for Ruling that the Six-Month Job Loss Issue Raised in the Defendant's Motion to Dismiss Is Moot (Doc. # 34) filed on February 9, 2011 by counsel for Plaintiffs. The Court has carefully considered all submissions relating to these motions, including Defendant's concession that the later motion be GRANTED.

The Motion to Dismiss is based on a contention that certain claims in the suit were not ripe as of the date that the lawsuit commenced. Defendant concedes that any such claims are now ripe. Accordingly, it is hereby ORDERED that the Motion for Ruling that the Six-Month Job Loss Issue Raised in the Defendant's Motion to Dismiss Is Moot (Doc. # 34) is GRANTED. It is further ORDERED that to the extent that the Motion to Dismiss (Doc. # 17) was predicated on a contention that certain claims were not ripe or were premature because the plaintiffs had been laid off for less than six month at the time the lawsuit

commenced, that motion is DENIED.

In the Motion to Dismiss, Defendant also argued that the Complaint failed to state a claim for which relief could be granted. This argument pursuant to Federal Rule of Civil Procedure 12(b)(6) pointed specifically to Plaintiffs' allegations regarding the threshold requirements of the Worker Adjustment and Retraining Notification Act ("the WARN Act"). Defendant argues, not that the WARN Act does not provide a remedy but the Plaintiffs have failed to adequately plead facts which would entitle them to any remedy under the WARN Act.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does

not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.*  While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted).  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.*  In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

Having reviewed the allegations of the Complaint, the Court is satisfied with the specificity of Plaintiffs' factual allegations.  Accepting them as true and viewing them in the light most favorable to Plaintiffs, the Court finds that the complaint states a facially plausible claim for relief under the WARN Act.  Accordingly, the Motion to Dismiss (Doc. # 17) is DENIED.

DONE this the 13th day of July, 2011.

                                            /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE