IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY WEEKES-WALKER, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-cv-895-MEF |
| | ) | (WO) |
| MACON COUNTY GREYHOUND | ) | |
| PARK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now pending before the court is the motion to quash, or, in the alternative, motion for protective order (Doc. 90) filed by the Defendant, Macon County Greyhound Park, Inc. Having considered the motion and the subpoena, the court concludes that the motion to quash is due to be granted, albeit for a fundamental defect not asserted in Macon County Greyhound Park's motion.

On May 15, 2012, Attorney David Selby issued a subpoena from the United States District Court for the Middle District of Alabama.[1] (Doc. 90-1). The subpoena commanded the law firm of Cobbs, Allen, & Hall ("Cobbs Allen") to produce certain documents. *Id*. p. 6. The subpoena states that Cobbs Allen's office is located in Birmingham, Alabama. The subpoena states that the subpoenaed documents are to be produced at the law firm of Bailey,

---

[1] Pursuant to Fed. R. Civ. P. 45(a)(3), "An attorney ... may issue and sign a subpoena as an officer of: (A) a court in which the attorney is authorized to practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending."

Glasser, LP in Birmingham Alabama. *Id*. The court notes that Birmingham, Alabama, is located within the Northern District of Alabama, not the Middle District of Alabama.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the production of documents by nonparties. *See* Fed. R. Civ. P. 34 (c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Among other matters, "[Rule] 45 governs the territorial limitations regarding where [non-party] depositions are to be taken or where documents are to be produced." *Ariel v. Jones* 693 F.2d 1058, 1060 (11th Cir. 1982). Rule 45(a)(2)(C) requires that a subpoena for the production of documents "must [be] issue[d] ... from the court for the district where the production or inspection is to be made."

Because Birmingham, Alabama, is not located within the Middle District of Alabama, this court has no power to issue a subpoena that requires Cobbs, Allen, to produce documents in Birmingham. Fed. R. Civ. P. 45(a)(2)(C); *see also Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] federal court sitting in one district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district."). Therefore, regardless of whether the plaintiffs are otherwise entitled to discovery of the documents in question, the subpoena is invalid on its face and is due to be quashed. *See* Fed. R. Civ. P. 45(a)(2)(C); *see also James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) ("Because the place of production and inspection in this case is outside of the judicial district of this court, the subpoena is improper

and is therefore quashed.").

Accordingly, it is

**ORDERED** that Macon County Greyhound Park's motion to quash (Doc. 90) be and

is hereby **GRANTED**.

Done this 11th day of June, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3