IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUDY WEEKES-WALKER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  3:10-cv-895-MEF |
| ) | (WO – Do Not Publish) |
| MACON COUNTY GREYHOUND ) | |
| PARK, INC., a/k/a VictoryLand, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case is before the Court upon remand from the Eleventh Circuit Court of Appeals to decide as a factual matter whether the layoff of employees by Defendant Macon County Greyhound Park, Inc. ("MCGP") in January 2010 was expected to last six months or less, or more than six months. *See Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1283 (11th Cir. 2013). Plaintiffs brought this class action suit against MCGP alleging MCGP violated the Worker Adjustment and Retraining Act of 1988 ("WARN"), 29 U.S.C. §§ 2101 *et seq.*, by failing to give sixty days notice to affected employees prior to a plant closing or mass layoffs. MCGP owns VictoryLand, a former greyhound track and, later, a casino offering electronic bingo at the time relevant to this suit. Plaintiffs allege that the layoff of employees from VictoryLand in January, February and August of 2010 were subject to the WARN Act's requirement to provide sixty days notice and that MCGP failed to provide such notice. The Court certified the case as a Rule 23(b)(3) class action with three sub-classes

1

based upon the dates of termination: January, February, and August 2010 (Doc. #66).

Plaintiffs moved for partial summary judgment on the issue of MCGP's liability for the layoffs under the WARN Act (Doc. #44), and MCGP also moved for summary judgment in its favor on that issue (Doc. #74). On July 6, 2012, the Court entered an order granting Plaintiffs' motion for summary judgment as to WARN Act liability for the January, February, and August 2010 layoffs and denying MCGP's motion for summary judgment (Doc. #113). The Court also certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On appeal, the Eleventh Circuit affirmed the Court's finding of WARN Act liability for the February and August 2010 layoffs by MCGP, but reversed the Court's finding of liability as to the January 2010 layoffs and remanded for further factual findings. *See Sides*, 725 F.3d at 1286.

The Eleventh Circuit held that this Court erred in aggregating the January employees with the February employees to find a "mass layoff" as defined by the statute. *Id.* at 1282–83. However, the Eleventh Circuit stated that MCGP violated the WARN Act with the January layoffs if MCGP expected the layoffs to last six months or less, but then failed to provide WARN Act notices to the January employees when the February closing converted their "short-term layoff," 20 C.F.R. § 639.4, into an "employment loss." 29 U.S.C. § 2101(a)(6). The Eleventh Circuit remanded the case to this Court "to decide as a factual matter whether the January layoff was, from the beginning, expected to last more than six months, disentitling those employees to notice of the February plant closing." *Sides*, 725 F.3d at 1283. Accordingly, it is hereby

ORDERED that the parties submit a Joint Status Report on or before November 8, 2013, on the following issues: (1) whether the parties dispute that the expected length of time of the January layoffs was six months or less, or more than six months; (2) if the parties dispute the expected length of time of the January layoffs, what discovery will the parties need to conduct to address the issue in a hearing before the Court.

DONE this the 25th day of October, 2013.

/s/ Mark E. Fuller<br>UNITED STATES DISTRICT JUDGE