IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUDY WEEKES-WALKER, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  3:10-cv-895-MEF |
| ) | (WO – Do Not Publish) |
| MACON COUNTY GREYHOUND ) | |
| PARK, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER MODIFYING CLASS CERTIFICATION

On March 15, 2012, the Court issued an order granting Plaintiffs' motion for class certification and certifying three sub-classes. (Doc. #66.) The sub-classes were determined by the dates on which potential mass layoffs in violation of the WARN Act occurred: January 5, 2010, February 4, 2010, and August 9, 2010. (Doc. #66, at 17–18.) On July 6, 2012, the Court granted Plaintiff's motion for summary judgment as to WARN Act liability for the January, February, and August 2010 sub-classes and denying Macon County Greyhound Park's ("MCGP") motion for summary judgment. (Doc. #113.) After the Court certified its summary judgment Memorandum Opinion and Order for interlocutory appeal, the Eleventh Circuit affirmed the Court's grant of summary judgment in favor of the February and August sub-classes, but reversed and remanded as to the January 5, 2010 sub-class. *Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1286 (11th Cir. 2013).

The Eleventh Circuit held that this Court erred in aggregating the January employees

1

with the February employees to find a "mass layoff" as defined by the statute. *Id.* at 1282–83. However, the Eleventh Circuit stated that MCGP violated the WARN Act with the January layoffs if MCGP expected the layoffs to last six months or less, but then failed to provide WARN Act notices to the January employees when the February closing converted their "short-term layoff," 20 C.F.R. § 639.4, into an "employment loss." 29 U.S.C. § 2101(a)(6). Upon remand, the Court ordered the parties to submit a status report on the issue of whether they disputed MCGP expected the January layoffs to last six months or less. (Doc. #130.) The parties responded by stipulating that the expected length of time for the January 2010 layoffs was less than six months. (Doc. #131.) As a result, MCGP is liable under the WARN Act for failing to provide the requisite notices to the employees who were laid off on January 5, 2010 when the closing of MCGP on February 4, 2010 converted their short term layoff into an employment loss.

 Although the employees who were temporarily laid off on January 5, 2010 are class members entitled to statutory damages under the WARN Act, they no longer comprise a distinct sub-class because the January layoff "does not qualify as an independent WARN Act incident." *Sides*, 725 F.3d at 1283. The common question of law or fact as to whether MCGP violated the WARN Act is the same as for that of the February 4, 2010 sub-class, namely whether the layoffs, or extended layoffs in the case of the January employees, entitled the employees to notice and a 60-day waiting period and whether MCGP could successfully assert the unforeseen business circumstances defense. *See* 29 U.S.C. § 2101(b)(2)(A). Since

the Court, and the Eleventh Circuit, have held that MCGP failed to provide notice and a 60-day waiting period and that the layoffs were not the result of unforeseen business circumstances, MCGP is liable under the WARN Act to the January 2010 employees whose short-term layoffs were converted to an employment loss that entitled them to notice under the WARN Act.  *See* 29 U.S.C. § 2101(a)(5).

Federal Rule of Civil Procedure 23(c)(1)(C) authorizes district courts to alter or amend a class certification order before final judgment.  The Court finds it necessary to amend its original class certification order to merge the January 5, 2010 sub-class into the February 4, 2010 sub-class.  Accordingly, it is hereby ORDERED that the Court's Memorandum Opinion and Certification Order (Doc. #66) is MODIFIED to merge the January 5, 2010 Sub-class into the February 4, 2010 Sub-class, resulting in the following classes:

    1.    The named Plaintiffs Mona Thomas, Ritchie L. Stalnaker, and Judy Weeks-Walker are designated as class representative of the following Rule 23(b)(3) sub-class, hereinafter referred to as the "February 4, 2010 Sub-class":

> All employees of Defendant Macon County Greyhound Park, Inc. (a.k.a. VictoryLand) whose employment was terminated on or about January 5, 2010 and whose "short-term layoff" was converted to an "employment loss" exceeding six (6) months by the February 4, 2010 plant closing and who were not given a minimum of sixty (60) days notice of termination as defined under the Workers Adjustment and Retaining Act of 1988, 29 U.S.C. §§ 2101 *et seq.*

All employees of Defendant Macon County Greyhound Park,

Inc. (a.k.a. VictoryLand) who were not given a minimum of sixty (60) days notice of termination and whose employment was terminated on or about February 4, 2010 as a result of a "mass layoff" or "plant closing" as defined under the Workers Adjustment and Retaining Act of 1988, U.S.C. §§ 2101 *et seq.*

Said class excludes the officers and directors of Defendant Macon County Greyhound Park, Inc. (a.k.a. VictoryLand), anyone who has had a similar claim previously adjudicated or resolved, anyone who has entered into an enforceable arbitration agreement with Defendant that encompasses this claim, judicial officers of the United States, and counsel for the parties in this action.

2. The named Plaintiff Keyla Exford is designated as class representative of the following Rule 23(b)(3) sub-class, hereinafter referred to as the "August 9, 2010 Sub-class":

All employees of Defendant Macon County Greyhound Park, Inc. (a.k.a. VictoryLand) who were not given a minimum of sixty (60) days notice of termination and whose employment was terminated on or about August 9, 2010 as a result of a "mass layoff" or "plant closing" as defined under the Workers Adjustment and Retaining Act of 1988, 29 U.S.C. §§ 2101 *et seq.*

Said class excludes the officers and directors of Defendant Macon County Greyhound Park, Inc. (a.k.a. VictoryLand), anyone who has had a similar claim previously adjudicated or resolved, anyone who has entered into an enforceable agreement with Defendant that encompasses this claim, judicial officers of the United States, and counsel for the parties in this action.

3. The sub-classes are certified with respect to the following cause of action:

Any claims for damages under the WARN Act, 29 U.S.C. §§ 2101 *et seq.* against Defendant Macon County Greyhound Park, Inc. (a.k.a. VictoryLand).

4. Attorneys Charles A. Hardin, David A. Hughes, David L. Selby, II, Philip Dale

Segrest, Sr., Robert Simms Thompson, James B. Perrine, and John Michael Segrest are designated as class counsel.

DONE this the 3rd day of April, 2014.

>   /s/   Mark E. Fuller
>   UNITED STATES DISTRICT JUDGE