IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY WEEKES-WALKER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  3:10-cv-895-MEF |
| | ) | (WO – Publish) |
| MACON COUNTY GREYHOUND | ) | |
| PARK, INC. a/k/a VictoryLand, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This cause is before the Court as a result of a hearing to determine damages for the class action Plaintiffs and to consider Plaintiffs' counsels' application for an award of attorneys' fees.  Defendant Macon County Greyhound Park, Inc.'s ("MCGP") liability for violation of the Worker Adjustment and Retraining Act of 1988 ("WARN"), 29 U.S.C. §§ 2101 *et seq.*, has already been established.  The bench trial held on May 28, 2014, was held for the limited purpose of considering Plaintiffs' statutory damages under the WARN Act and the reasonableness of Plaintiffs' attorneys' fee request.  After weighing the evidence and arguments offered by the parties during the bench trial, the Court finds that the federal statute governing an award of post judgment interest should apply to Plaintiffs' award of prejudgment interest rather than the Alabama statutory rate of 6%.  The Court also finds that Plaintiffs' counsel are entitled to an award of attorneys' fees as set forth herein.  In support thereof, the Court makes the following findings of fact and conclusions of law:

## I.  FINDINGS OF FACT

1.  Plaintiffs are former employees of MCGP who were laid off on January 5, 2010, February 4, 2010, and August 9, 2010.  The employees laid off in January 2010 were laid off so that renovations could be completed, while the February and August employees were laid off when MCGP closed as a result of imminent raids by the Governor's Task Force on Illegal Gambling.

2.  On October 22, 2010, Plaintiffs initiated this action against MCGP for failure to provide sixty days notice of their layoffs as required by the WARN Act.  Plaintiffs brought the suit as a class action and sought certification with three sub-classes consisting of the January, February, and August 2010 employees.  The Court granted Plaintiffs' motion for class certification on March 15, 2012, and accordingly certified the three subclasses.  (Doc. #66.)

3.  Plaintiffs moved for partial summary judgment on the issue of MCGP's liability for violation of the WARN Act.  On July 6, 2012, the Court granted summary judgment in Plaintiffs' favor finding that the undisputed facts established MCGP failed to provide sixty days notice for each sub-class in violation of the WARN Act.  (Doc. #113.)  In its summary judgment opinion, the Court certified the question of MCGP's liability for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

4.  The Eleventh Circuit affirmed the Court's grant of summary judgment in Plaintiffs' favor as to the February and August 2010 sub-classes, but reversed and remanded as to the January 2010 sub-class.  *Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276 (11th

Cir. 2013).  The Eleventh Circuit held that the January 2010 layoffs would violate the WARN Act if the January layoffs were expected to last less than six months because the February 2010 closing of MCGP would have converted the January "short-term layoff" into an "employment loss" requiring sixty days notice. *Sides*, 725 F.3d at 1282–82.  The Eleventh Circuit remanded the case back to this Court to determine whether the January 2010 layoffs were expected to last less than six months.

5.  Upon remand, the parties stipulated that the length of time of the January 2010 layoffs was less than six months.  (Doc. #131.)

6.  The Court subsequently modified its earlier class certification order and merged the January 2010 class into the February 2010 class.  (Doc. #145.)  The class now consists of two subclasses: the February 2010 sub-class (which includes those employees laid off in January for renovations and who were subsequently affected by the February closing) and the August 2010 sub-class.

7.  The parties subsequently conducted discovery relevant to the calculation of Plaintiffs' back pay, and the Court held a hearing to consider the parties' evidence.

8.  The parties have submitted a spreadsheet containing the names of all class members with a proposed back pay amount for each plaintiff.  The amount of back pay for each class member is calculated based on wages paid to each class member by MCGP in November 2009 and December 2009.  Those months were used to calculate the employees' pay rate because MCGP was fully operational during those months, and pay records for those months more accurately reflect the full amount of Plaintiffs' pay.  MCGP operated with

reduced hours in much of 2010.  (Doc. #147-1.)

9.  For those class members who were not employed by MCGP in November and December of 2009, the wage information used is the employee's most recent representative two months' wages preceding the employee's layoff.  (Doc. #147-1.)

10.  After Plaintiffs' average regular pay rate was calculated based on the use of either the employee's November and December 2009 pay information or last representative paycheck, the pay rate was multiplied by the number of actual work days each employee would have worked in a sixty day period.

11.  The total back pay award resulting from this method is $2,021,348.84.  (Doc. #147-1, at 38.)

12.  Plaintiffs have also submitted a proposed back pay award that applies Alabama's statutory rate of 6% to a calculation of prejudgment interest.  Applying the 6% rate of prejudgment interest to the back pay award would result in a total award of $2,512,945.61.

13.  Plaintiffs have not submitted a proposed back pay award that applies MCGP's proposed prejudgment interest rate, which is the same as that used for post judgment interest under 28 U.S.C. § 1961(a).  Section 1961(a) uses the one-year Treasury yield ("Treasury Rate") to determine an award of interest.  At the time of the February 4, 2010 layoffs the Treasury Rate was 0.29%.  *See*, Federal Reserve Statistical Release, *available at* http://www.federalreserve.gov/releases/h15/.[1]  At the time of the August 9, 2010 layoffs the

---

[1] MCGP asserts the Treasury Rate at the time of the February 4, 2010 layoffs was 0.31%. (Doc. #152, at 4.)  According to the Court's research, 0.31% was the rate on January 27, 2010, while

Treasury Rate was 0.25%. *See id.*

14.   Plaintiffs have not sought damages on behalf of any employees who might have incurred medical expenses as a result of their layoff in violation of the WARN Act. Plaintiffs request the Court to issue no judgment on whether any employee is entitled to medical expenses to allow potentially affected Plaintiffs to pursue medical expenses individually.

15.   Plaintiffs have also applied for an award of attorneys' fees pursuant to the WARN Act. 28 U.S.C. § 2104(a)(6).

16.   Plaintiffs' counsel have submitted a spreadsheet with the hours spent and hourly rates of each attorney and paralegal who worked on the case. (Doc. #148-1, at 2–3.) Class counsel are the following firms: The Segrest Law Firm, Bailey & Glasser, LLP, Hardin & Hughes, LLP, and Robert Sims Thompson PC.

17.   The affidavit submitted by Philip Dale Segrest, Sr. covers counsel for the Segrest Law Firm. Dale Segrest has forty-five years of legal experience, which includes eighteen years as an Alabama Circuit Court Judge. Dale Segrest seeks an hourly rate of $350 for 556.8 hours. Mike Segrest began at The Segrest Law Firm in 2007 as an investigator and law clerk. He was admitted to law practice on April 27, 2012 during the course of this case and has been practicing as a licensed attorney for two years. Mike Segrest was responsible for recognizing the cause of action in this case and has participated significantly in the case. (Doc. #148-4, at 65 ¶5.) Mike Segrest seeks hourly rates of $150 as a law clerk for 255.4

---

0.29% was the rate on February 4, 2010. The Court takes judicial notice of those interest rates. *See Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1235 n. 12 (11th Cir. 1999).

hours, $200 as an intern for 230.6 hours, and $300 as an attorney for 430.05 hours. Teresa Huff is a paralegal at the firm and was Dale Segrest's judicial assistant for fifteen years and has been a legal assistant for twelve years. Teresa Huff seeks an hourly rate of $150 for 295.05 hours.

18.   The Segrest Law Firm has submitted detailed time records that were made contemporaneously. Some of the billable time included by The Segrest Law Firm includes time spent working on the appeal of this case before the Eleventh Circuit. (*See, e.g.*, Doc. #148-2, at 37 *et seq.*)

19.   Michael S. Harper, an attorney in Tallassee, Alabama, where The Segrest Law Firm is located, submitted a declaration in support of The Segrest Law Firm's requested fee award. (Doc. #148-4, at 64–66.) Harper states that The Segrest Law Firm identified the cause of action and initiated the lawsuit in this case. Harper states that $350 an hour is not a typical rate for attorneys in Tallassee, but that this hourly rate is reasonable in this case because it is a complex class-action lawsuit and the attorneys will not receive a contingency fee but will be compensated solely by an award of statutory attorneys' fees.

20.   David L. Selby, II submitted an affidavit on behalf of Bailey & Glasser, LLP. David Selby has practiced law for twenty-two years and has extensive experience in class action lawsuits. David Selby seeks an hourly rate of $350 for 374.8 hours. Bailey & Glasser also seeks fees for the work of eleven attorneys at the firm with hourly rates ranging from $250 to $350. (Doc. #148-1, at 2–3.) An additional declaration by Selby states the amount of experience each additional Bailey & Glasser attorney has. (Doc. #158.) Bailey & Glasser

6

seeks fees for five paralegals at an hourly rate of $150.  Bailey & Glasser also seeks fees for a summer associate at an hourly rate of $145.

21.  Bailey & Glasser has submitted detailed time records for hours spent on this case. Some of the billable hours include time spent working on the appeal of this case before the Eleventh Circuit.  (*See, e.g.*, Doc. #148-3 at 27 *et seq.*)

22.  Christina Crow ("Crow"), an attorney who practices at Jinks, Crow, & Dickson P.C., which has offices in Union Springs and Montgomery, Alabama, has submitted a declaration in support of Bailey & Glasser's requested fee award.  (Doc. #148-4, at 68–69.) Crow states that the case was complex and risky and that a reasonable hourly rate for Bailey & Glasser would be $350 to $650 an hour.

23.  Frank M. Wilson, a Montgomery attorney, has also submitted a declaration supporting a $350 hourly rate for David Selby for the same reasons as Crow.  (Doc. #148-4, at 71–72.)

24.  David A. Hughes submitted an affidavit in support of a fee award for his law firm, Hardin & Hughes.  Hughes has twenty years of experience and has extensive experience in collective actions in employment cases.  David Hughes seeks a $350 hourly rate for 244.15 hours.

25.  David Hughes has submitted detailed billing records for the 244.15 hours he spent on this case.  None of the hours included by Hughes involve time spent on the appeal in this case.

26.  David Hughes has not submitted an affidavit from any other attorney in support

of his $350 hourly rate.

27.  Robert Thompson of Robert Simms Thompson, P.C. submitted an affidavit in support of his request for attorney's fees.  Thompson has thirty-three years of legal experience, which includes handling class action and mass torts cases.  (Doc. #159-1.) Thompson seeks an hourly rate of $300 for 105.4 hours.

28.  Robert Thompson has submitted detailed billing records of the hours spent on this case.  Some of the hours included work done in connection with the appeal of this case. (Doc. #148-3, at 54–55.)

29.  The Segrest Law Firm seeks $5,383.43 in costs for postage, legal database research, court reporter fees, and travel.  (Doc. #148-4, at 26–28.)  Some of the costs for travel and postage were incurred in relation to the appeal in this case.  (Doc. #148-4, at 27.)

30.  Bailey & Glasser seeks $7,362.42 in costs for photocopies, deposition transcripts, legal database research, and postage.  (Doc. #148-3, at 48–50.)  The Court cannot determine whether any costs were incurred in relation to the appeal in this case.

31.  Plaintiffs also request a service award of $3,000 for each of the four class representatives: Mona Thomas, Ritchie L. Stalnaker, Judy Weekes-Walker, and Keyla Exford.[2]

---

[2] Plaintiffs' brief makes a request for a service award for each of the "five" class representatives, (Doc. #148), but the Court has only had four in both of its certification orders. (Docs. ##66, 145.)  Two of the initial class representatives, Myra Sides and Sharon Cobb, were terminated by the Order of this Court compelling them to resolve their dispute through binding arbitration.  (Doc. #40.)

## II.  CONCLUSIONS OF LAW

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

2.  MCGP is liable to Plaintiffs for violation of the WARN Act with respect to the layoffs of February 4, 2010 and August 9, 2010.

3.  An employer who orders a plant closing or mass layoff in violation of the WARN Act is liable to each aggrieved employee for back pay for each day of violation, up to a maximum of sixty days.  29 U.S.C. § 2104(a)(1).  Back pay is equal to the higher of either (i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee.  *Id.*

4.  The method of calculating Plaintiffs' back pay award is reasonable and serves to maximize Plaintiffs' recovery.  Plaintiffs correctly calculated back pay on the basis of the number of days an employee would have worked within a sixty day period as opposed to the number of calendar days within a sixty-day time period.  *See, e.g.*, *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1282–86 (5th Cir. 1994).

5.  Plaintiffs are entitled to a back pay award of $2,021,348.84.

6.  Employees laid off in violation of the WARN Act are also entitled to medical expenses incurred as the result of lost medical benefits resulting from the layoff.  29 U.S.C. § 2104(a)(1)(B).

7.  Plaintiffs have not sought an award of medical expenses and have asked the Court

to allow individual class members who may have incurred medical expenses as a result of MCGP's layoffs to pursue their claims individually.  Therefore, the Court makes no finding that Plaintiffs are entitled to medical expenses and will explicitly exclude such damages in its final judgment, which does not preclude individual class members from pursuing such damages if entitled.

8.   Plaintiffs are entitled to prejudgment interest on their back pay award.  "In the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is . . . within the discretion of a federal court."  *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 710 (11th Cir. 2005).

9.   Two circuits have affirmed the use of the Treasury Rate as set out in the federal postjudgment interest statute, 28 U.S.C. § 1961(a), to set the prejudgment interest rate to an award of back pay in WARN Act cases.  *Frymire v. Ampex Corp.*, 61 F.3d 757, 772–74 (10th Cir. 1995); *Carpenters Dist. Council*, 15 F.3d at 1288.  In both cases, the courts found the WARN Act's exclusive remedies provision, in conjunction with the provision stating that the Act's remedies were not intended to alter "any other contractual or *statutory* rights and remedies of the employees" contained an implicit reference to the federal postjudgment interest statute, 28 U.S.C. § 1961(a), and thus justified using the postjudgment interest statute to set the amount of prejudgment interest.  *Frymire*, 61 F.3d at 773; *Dillard*, 15 F.3d at 1288.

10.   The Court follows *Frymire* and *Dillard* and holds that the Treasury Rate, as set out in 28 U.S.C. § 1961(a), is the rate of prejudgment interest in this case.

11.   The prejudgment interest rate that applies to the back pay award for the February

10

2010 sub-class is 0.29%.  The prejudgment interest rate that applies to the back pay award for the August 2010 sub-class is 0.25%.

12.  Plaintiffs are the prevailing party in this case, and the Court finds that Plaintiffs are entitled to reasonable attorneys' fees pursuant to 29 U.S.C. § 2104(a)(6).

13.  The starting point for any attorney fee award is the lodestar figure–the product of the reasonable number of hours expended and the reasonable hourly rate for work performed among similarly situated attorneys in the community.  *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 171–19 (5th Cir. 1974),[3] reversed on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989), (listing factors to consider in deciding whether to adjust the lodestar).

14.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Johnson*, 488 F.2d at 718.  "The rate of attorney's fees is that of the place where the case is filed."  *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

15.  In the Middle District of Alabama, skilled lawyers with twenty years or more experience may expect to receive $300 an hour, lawyers with ten years or more experience may receive between $200 and $250 an hour, and associates may expect to receive $150–185

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

an hour. *See Weatherly v. Ala. State Univ.*, No. 10-cv-192-WHA, 2013 WL 6145315, at *3–8 (M.D. Ala. Nov. 21, 2013); *Gaylor v. Gomala Credit Union*, No. 10-cv-725, 2012 WL 1987183, at *2–3 (M.D. Ala. Jun. 1, 2012) (class action); *Alfa Corp. v. Alfa Mortg., Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1162–64 (M.D. Ala. 2007).

16.  In the Middle District of Alabama, paralegals may expect to receive between $50 and $85 an hour. *See Weatherly*, 2013 WL 6145315 at *7; *Laube v. Allen*, 506 F. Supp. 2d 969, 988–89 (M.D. Ala. 2007); *Hall v. Lowder Realty Co., Inc.*, 263 F. Supp. 2d 1352, 1369 (M.D. Ala. 2003).

17.  Concerning the rates sought by The Segrest Law Firm, the Court finds Dale Segrest to be entitled to an hourly rate of $300.  Mike Segrest is entitled to an hourly rate of $100 for work performed as a law clerk and $125 for work performed as an intern.  *See Weatherly*, 2013 WL 6145315 at *8 (assigning $100 as a reasonable hourly rate for a law clerk).  Mike Segrest is entitled to an hourly rate of $200 for work performed as an attorney. Paralegal Teresa Huff is entitled to an hourly rate of $85.

18.  Concerning the rates sought by the law firm of Bailey & Glasser, LLP, the Court finds David Selby to be entitled to an hourly rate of $300.  The Court finds the remaining Bailey & Glasser attorneys are entitled to the following hourly rates: John J. Roddy ($300); John W. Barrett ($250); Kevin W. Barrett ($300); Lissa H. Dow ($300); J.B. Perrine ($300); Kimberly A. Fladhammer ($250); Leona Z. Goldshaw ($185); Matthew J. Ford ($185); Patricia M. Kipnis ($185); Gabriel F. Siegle ($185).  Paralegals are entitled to the following

12

hourly rates: Brittany Cottrell ($85); George W. Spruce ($85); Marc D. Hatcher ($85); Mary E. McClay ($85); Melissa S. Chapman ($85). The summer associate Tony Clacker is entitled to the law clerk rate of $100 per hour.

19. Concerning the rates sought by the law firm of Hardin & Hughes, the Court finds David Hughes to be entitled to an hourly rate of $300.

20. Concerning the rates sought by Robert Simms Thompson P.C., the Court finds Robert Thompson to be entitled to an hourly rate of $300.

21. Plaintiffs seek compensation for a total of 2,916.6 billable hours. MCGP has not objected to the number of hours spent. The Court finds the total number of hours, supported by detailed billing records, to be reasonable given the number of law firms involved in this case and the complexity of this class-action lawsuit.

22. A significant portion of the hours for which Plaintiffs' counsel seek attorneys' fees are for hours incurred with the Eleventh Circuit for the interlocutory appeal of the Court's summary judgment order. Ordinarily, "a district court is not authorized, by local rule or otherwise, to control . . . assessment of attorney's fees for services rendered on appeal." *Davidson v. City of Avon Park*, 848 F.2d 172, 173 (11th Cir. 1988). However, Eleventh Circuit Rule 39-2(e) "does permit parties to request attorney's fees for appellate work from the district court under certain circumstances." *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1043 (11th Cir. 2010); *see also Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356–57 (11th Cir. 2009). This rule states:

(e) <u>Remand for Further Proceedings.</u>   When a reversal on

13

> appeal, in whole or in part, results in a remand to the district court for trial or other proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), *a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may*, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.

11th Cir. R. 39-2(e) (emphasis added).

23.  Since the Court's summary judgment order was affirmed in part in Plaintiffs' favor, reversed in part and remanded on an issue on which Plaintiffs prevailed upon remand, 11th Cir. R. 39-2(e) allows the Court to award Plaintiffs attorneys' fees for work done on the appeal of this case.[4] The Court thus includes hours spent on appeal in its award of attorneys' fees.

24.  MCGP does not object to the $5,383.43 in costs sought by The Segrest Law Firm, and the Court concludes these are all recoverable costs.

25.  MCGP does not object to the $7,362.42 in costs sought by Bailey & Glasser, and the Court concludes these are all recoverable costs.

26.  Attorneys' fees and costs are therefore awarded as follows:

| NAME | TITLE | HOURS | RATE | TOTAL |
|------|-------|-------|------|-------|
| Mike Segrest | Law Clerk | 255.4 | $100 | $25,540 |

---

[4] The Court ordered additional briefing on the issue of whether it had the authority to award attorneys' fees for work done on appeal, and both parties agreed that Rule 39-2(e) applied to the facts of this case.  (Docs. ##156, 157.)  The Court also agrees that this case satisfies the plain language of Rule 39-2(e).

| Mike Segrest | Intern | 230.6 | $125 | $28,825 |
|---|---|---|---|---|
| Mike Segrest | Attorney | 430.05 | $200 | $86,010 |
| Dale Segrest | Attorney | 556.8 | $300 | $167,040 |
| Teresa Huff | Paralegal | 295.05 | $85 | $25,079.25 |
| Robert Thompson | Attorney | 105.4 | $300 | $31,620 |
| David Selby, II | Attorney | 374.8 | $300 | $112,440 |
| J.B. Perrine | Attorney | 138.7 | $300 | $41,610 |
| John Roddy | Attorney | 4.5 | $300 | $1,350 |
| John Barrett | Attorney | 1.2 | $250 | $300 |
| Kimberly Fladhammer | Attorney | 1.2 | $250 | $300 |
| Kevin Barrett | Attorney | 1.5 | $300 | $450 |
| Lissa Dow | Attorney | 12.8 | $300 | $3,840 |
| Leona Goldshaw | Attorney | 36.2 | $185 | $6,697 |
| Matthew Ford | Attorney | 140.1 | $185 | $25,918.50 |
| Patricia Kipnis | Attorney | 18.2 | $185 | $3,367 |
| Gabriel Siegle | Attorney | 9.3 | $185 | $1,720.50 |
| Brittany Cottrell | Paralegal | 29.9 | $85 | $2,541.50 |
| George Spruce | Paralegal | 24.8 | $85 | $2,108 |
| Marc Hatcher | Paralegal | 0.5 | $85 | $42.50 |
| Mary McClay | Paralegal | 0.2 | $85 | $17 |
| Melissa Chapman | Paralegal | 1.7 | $85 | $144.50 |
| Tony Clacker | Summer Associate | 3.5 | $100 | $350 |

| David Hughes (Hardin & Hughes) | Attorney | 244.15 | $300 | $73,245 |
| TOTAL | | 2,916.6 | | $640,555.75 |

| EXPENSES | |
| --- | --- |
| The Segrest Law Firm | $5,383.43 |
| Bailey & Glasser | $7,362.42 |
| TOTAL | $12,745.85 |

| TOTAL FEES & EXPENSES BY FIRM | AWARD |
| --- | --- |
| The Segrest Law Firm | Fees: $332,494.25; Costs: $5,383.43; Total: $337,877.68 |
| Robert Simms Thompson P.C. | $31,620 |
| Bailey & Glasser | Fees: $203,197; Expenses: $7,362.42; Total: $210,559.42 |
| Hardin & Hughes | $73,245 |

27.  The Court approves a class representative service award of $3,000 each for the class representatives: Mona Thomas, Ritchie L. Stalnaker, Judy Weekes-Walker, and Keyla Exford.  *See Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007) (discussing service awards for successful class action litigants and collecting cases).

As a result of the foregoing, it is hereby ORDERED as follows:

1.      Plaintiffs shall submit on or before July 24, 2014, a revised spreadsheet of class members' back pay awards that applies a 0.29% prejudgment interest rate to the February

16

2010 class members' back pay and a 0.25% prejudgment interest rate to the August 2010 class members' back pay.  The prejudgment interest award shall be calculated up to and including the date of this Order.  In addition to being filed with this court, the revised spreadsheet should be submitted by e-mail to the undersigned at "PropOrd_fuller@almd.uscourts.gov" in either MS Word or WordPerfect format.  Upon receipt of the revised spreadsheet and consistent with this ruling, the Court will enter a written final judgment in favor of Plaintiffs and against MCGP.

2.      On or before July 24, 2014, Plaintiffs shall file a written notice with the Court designating which law firm shall receive the class members' back pay awards into its trust fund account for distribution to the class members.

3.      Plaintiffs' Renewed Motion to Appoint a Special Master (Doc. #132) and the parties' Joint Motion for Extension of Time to File Joint Evidentiary Submission (Doc. #139) are DENIED AS MOOT.

DONE this the 16th day of July, 2014.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE