IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUDY WEEKES-WALKER, *et al.*,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | CASE NO. 3:10-CV-895-WKW |
| ) | [WO] |
| MACON COUNTY GREYHOUND            ) | |
| PARK, INC.,            ) | |
| ) | |
| Defendant.            ) | |

### **MEMORANDUM OPINION AND ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc. # 241) to which Plaintiffs have objected (Doc. # 253). Based upon an independent and *de novo* review, *see* 28 U.S.C. § 636(b), the Recommendation will be adopted except as modified by the following additional observations.

Plaintiffs have failed procedurally to invoke the court's ancillary jurisdiction in enforcing the judgment. The Alabama Uniform Fraudulent Transfer Act ("AUFTA"), Ala. Code 1975 § 8-9A-1 *et seq.*, requires "an action" – a new proceeding – to *establish* the fraudulent transfer. One does not make a transfer fraudulent by just saying so; a party cannot speak a fact into existence. A party must *prove* the existence of the fact, particularly one alleged to be fraudulent, *see* Fed. R. Civ. P. 9, in *an action*. *Mangina v. Bush*, 237 So. 2d 479, 481 (Ala. 1970) ("Fraud is never presumed and when relied upon must be distinctly alleged and proven, . . . and he who seeks relief on ground of fraud has the burden of proof." (citations omitted)). Section 8-9A-7, upon which Plaintiffs lean for so much comfort, begins

with the phrase: "In *an action* for relief against a transfer under this chapter . . . ." (emphasis added).[1]  The object of the proceeding is to make that which appears to be valid (in this case, encumbrances on property), invalid; in other words, to void a facially valid transaction. Hence, § 8-9A-8 establishes: "[T]o the extent a transfer is voidable in *an action* by a creditor under section 8-9A-7(a)(1), the creditor may recover judgment for the value of the asset transferred, . . . or judgment for conveyance of the asset transferred." (emphasis added). Causes of action mostly come with statutes of limitation, and so does this one.  Section 8-9A-9 says: "A claim for relief with respect to a fraudulent transfer under this chapter is extinguished unless *action is brought* . . . ." (emphasis added) within a time certain.

Moreover, the court notes that AUFTA is a uniform statute, and it specifically provides that it "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." Ala. Code § 8-9A-11 (1975).  As the Magistrate Judge observed (Doc. # 241 at 9 n.4), by statute, Florida law provides for a person holding an unsatisfied judgment or judgment lien to institute supplementary proceedings to challenge a fraudulent transfer. *See Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 785 (11th Cir. 2015) (recognizing that, by filing a supplementary proceeding challenging a fraudulent transfer pursuant to Fla. Stat.

---

[1] By the way, "the court" referenced in § 8-9A-7 is the court in the new action, not necessarily the court which entered the judgment in the first place.  It happens in this case to be, potentially, the same court.  Unfortunately for Plaintiffs, that potential is not realized here.

§ 56.29(6)(b), the plaintiff "initiated a supplementary proceeding . . . in 'accord[ance] with the procedure of the state where the court is located.'" (quoting Fed. R. Civ. P. 69(a)).

Florida law differs from Alabama's in this regard. Fla. Stat. § 56.29(1) ("When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder *may file a motion and an affidavit* so stating . . . and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution."). *Cf.* Ala. Code § 8-9A-7(a)(1) (providing for remedies in "an action for relief against a transfer under this chapter"); *cf. also* Ala. Code § 6-6-180 ("When an execution for money from any court has been issued against a defendant and is not satisfied, the plaintiff, or the person for whose benefit such execution is sued out, may file a complaint . . . .").

Georgia's Uniform Fraudulent Transfer Act is similar to AUFTA in that it refers to the filing of "an action for relief." *See* Ga. Code Ann. § 18-2-77(a) ("In an action for relief against a transfer or obligation under this article, a creditor. . . may obtain" certain relief); Ala. Code § 8-9A-7 (same). Thus, the court finds persuasive the reasoning of *Reyes-Fuentes v. Shannon Produce Farm, Inc.*, in finding that "Georgia law does not statutorily provide for supplementary proceedings in which motions and complaints challenging fraudulent conveyances may be raised. The proper procedure appears to be the filing of a new complaint seeking the avoidance of the fraudulent conveyance along with other remedies." No. 6:08-CV-59, 2012 WL 3562399, at *6 (S.D. Ga. Aug. 13, 2012).

Accordingly, and for the reasons stated in the Recommendation, there is no doubt that AUFTA requires the filing of a new action, a lawsuit alleging a cause of action under AUFTA. The salient question then is whether Plaintiffs brought an action under AUFTA here. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Reyes-Fuentes*, 2012 WL 3562399, at *5-6 (directing the clerk to open a new case for the adjudication of a *third-party complaint* challenging a fraudulent transfer). In this case, the answer is "no." Under both federal and Alabama procedural law, actions are commenced by filing a complaint. Fed. R. Civ. P. 3; Ala. R. Civ. P. 3(a). Complaints are generally, almost universally, accompanied by some form of service vehicle, typically a summons, Fed. R. Civ. P. 4, inviting a new defendant to the contest. *Cf. Latham v. Phillips*, 590 So. 2d 217, 218 (Ala. 1991) ("The filing of a complaint, standing alone, does not commence an action for statute of limitations purposes. Rather, the filing must be made with the intention of serving process upon the opposing party or parties."). The complaint tells the defendant what is at issue, and the summons invites the new defendant to join issue, *i.e.*, contest the claims of the plaintiff. Actions are not commenced by motions, particularly motions missing "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief" or "a demand for the relief sought, which may include relief in the alternative or different types of relief," Fed. R. Civ. P., all of which were missing in the initial motions filed by Plaintiffs on November 12, 2014 (Doc. # 174). Nor was there a request for service of process on the new defendant or

4

a proposed summons for that purpose. The motions were not styled as a "complaint" or "amended complaint"; there was no request for leave to file a new complaint, Fed. R. Civ. P. 15; and there was no specific claim for relief. Therefore, the filings of Plaintiffs on November 12, 2014, in this case did not commence a new action.

The proposed new defendant in this case, Patricia McGregor, filed an action the next day in the Circuit Court of Macon County, Alabama, seeking a declaratory judgment that her liens on the property prime the judgment lien of Plaintiffs arising out of this case. That action is the first in time litigating the priority-of-lien issues. Seven days after the state court action was filed by Ms. McGregor, Plaintiffs filed an "Amended Motion to Join Patricia McGregor as Party Defendant" (Doc. # 183) in this case. This effort was somewhat better – it laid out jurisdictional grounds and a request for relief – but it was still a motion; it made no reference to a summons or service of process; and Rule 15 leave of court to file an amended complaint was not requested (or granted). This effort also fell short of invoking the ancillary jurisdiction of this court. Hence, there continues to be no new "action" filed here insofar as an AUFTA action.

*Colorado River* abstention analysis fundamentally requires two "actions" involving the same facts and issues, one in state court and one in federal court. *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) ("In *Colorado River Water Conservation District v. United States*, [424 U.S. 800 (1976),] the Supreme Court held that a federal court could abstain from a case if (1) a parallel lawsuit was proceeding in state

court, and (2) judicial-administration reasons so demanded abstention."). Here, there is presently no AUFTA action, so *Colorado River* analysis is inapplicable to any purported AUFTA claims. Thus, there is no AUFTA action pending here from which the court may abstain even if it were inclined to do so.

This leaves pending in the state courts the matter of the primacy of various liens. Those issues directly implicate the pending Writ of Garnishment and Writ of Execution in this court. For the reasons stated in the Recommendation, those writs will be stayed pending a ruling in state court and a subsequent ruling of this court.

With those additional thoughts, it is ORDERED that the Recommendation is ADOPTED. Further, it is ORDERED:

(1)   Plaintiffs' Motion to Join Patricia McGregor (Doc. # 174-1) is DENIED.

(2)   Plaintiffs' Amended Motion to Join Patricia McGregor as Party Defendant (Doc. # 183) is DENIED.

(3)   Defendant's Motion to Stay Motion to Join Patricia McGregor (Doc # 186) is DENIED as moot.

(4)   Defendant's Motion to Quash or, in the Alternative, to Stay Writ of Garnishment (Doc. # 177) is DENIED as to the motion to quash, and GRANTED as to the motion to stay, pending further order of this court.

(5)   Plaintiffs' Verified Application for Writ of Execution (Doc. # 174-2) is STAYED pending further order of this court.

(6) Objections to the Recommendation of the Magistrate Judge (Doc. # 241) not addressed herein are OVERRULED.

DONE this 30th day of September, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE